UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHUCK BRIAY SANDERS,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**GRADY COUNTY DISTRICT** )<br>**COURT, et al.,** )<br>)<br>**Defendants.** ) | Case No. CIV-25-1571-R |

# ORDER

Before the Court is Plaintiff Chuck Briay Sanders's Complaint [Doc. No. 1]. Plaintiff, proceeding *pro se*, alleges violations of his civil and constitutional rights by numerous defendants, including the Grady County District Court, Grady County, and the State of Oklahoma.

As an initial matter, Plaintiff has neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*. "An applicant who seeks leave to proceed without prepayment of the filing fees must, at the time of initiating the civil action, suit, or proceeding, submit an application to proceed in forma pauperis on forms approved by this court and supplied by the clerk upon request." LCvR 3.3(a). Plaintiff must cure this deficiency either by paying the filing fee or filing an application for leave to proceed *in forma pauperis*.

Furthermore, pursuant to the inherent power to manage its docket, the Court has reviewed the Complaint and finds it deficient for failure to comply with federal pleading

1

requirements.[1] Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The pleading standard outlined in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). Thus, typically, "to state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

---

[1] District courts have the inherent power to manage their dockets. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (citations omitted). This power includes the ability to "dismiss a frivolous or malicious action . . . even in the absence of [a] statutory provision." *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (quotation marks omitted).

Of course, in evaluating a complaint, all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). And where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall*, 935 F.2d at 1110. But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Plaintiff's Complaint does not meet these standards. It asserts that court clerks at the Grady County District Court wrongfully "refused to accept filings, obstructed submission of documents, and/or blocked Plaintiff from filing pleadings without lawful justification" as "part of a pattern of obstruction." These actions, according to Plaintiff, violated the Oklahoma Constitution and his First and Fourteenth Amendment rights. Plaintiff also asserts a negligence claim based on the same actions and contends that Grady County and the State of Oklahoma failed to train clerks and maintained policies permitting obstruction of filings.

Beyond this, however, Plaintiff's Complaint lacks further factual allegations sufficient to provide the defendants with notice of the claims against them or the Court with sufficient clarity to adjudicate on the merits. Conclusory assertions that defendants acted unlawfully or maintain unconstitutional policies are insufficient to state a plausible claim. "It [is] not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading. . . ." *Mann*, 477 F.3d at 1148. The vagueness of Plaintiff's Complaint and lack of "facts and legal theories to round out his claims" amount to a

3

Complaint in clear violation of Rule 8. *See Luginbyhl v. Lawton Corr. Rehab. Ctr.*, No. CIV-23-00939-JD, 2025 WL 3083087, at *3 (W.D. Okla. Nov. 4, 2025). Further, the Complaint appears to be seeking monetary damages from the State of Oklahoma. However, the Eleventh Amendment bars suits in federal court for money damages against a state and its agencies. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013).

ACCORDINGLY, the Court *sua sponte* DISMISSES Plaintiff's Complaint [Doc. No. 1]. Plaintiff's Motion to Compel Acceptance of Filings and Bypass Clerk Refusal [Doc. No. 2] is DENIED as MOOT. The Court grants Plaintiff leave to file an Amended Complaint that comports with the Federal Rules of Civil Procedure within 21 days of the date of this Order. During that time, Plaintiff is ORDERED to either pay his filing fee or file a motion to proceed *in forma pauperis*. Failure to comply with this Order will result in dismissal of this matter without prejudice without further notice.

IT IS SO ORDERED this 15th day of January, 2026.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE