IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHUCK BRIAY SANDERS,            )<br>                                                        )<br>            Plaintiff,                     )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>CHARLES JEFF SIFERS, District Attorney    )<br>for Grady County, Oklahoma, in his Official   )<br>Capacity; DAPHNE WHEAT, Assistant           )<br>District Attorney for Grady County, Oklahoma, )<br>in her Official Capacity; KORI BREWER,        )<br>Assistant District Attorney for Grady County,  )<br>Oklahoma, in her Official Capacity;              )<br>GINA LOWE, Magistrate Judge for Grady      )<br>County, Oklahoma, in her Official Capacity; and)<br>KORY KIRKLAND, District Judge for Grady   )<br>County, Oklahoma, in his Official Capacity,    )<br>                                                        )<br>            Defendants.                  ) | Case No. CIV-25-01571-JD |

**ORDER**

Before the Court is Plaintiff's Motion to Recuse and for Disqualification of Jodi Dishman ("Motion") [Doc. No. 9]. Plaintiff filed the Motion after the Court ordered Plaintiff to cure pleading deficiencies in his Amended Complaint. *See* Order [Doc. No. 8]. Plaintiff contends that the undersigned judge should recuse and the case should be reassigned because the undersigned judge's husband has one of Plaintiff's pending state court cases, which Plaintiff asserts is related. Motion at 1–2. The Court was unaware of Plaintiff's state court proceeding, and Plaintiff does not cite the case number in his Motion. However, upon a search and review of the Oklahoma State Courts Network, and judicial notice of the docket, *see Chuck Sanders v. Park Manor Apartments*, Oklahoma

County District Court Case No. CJ-2025-846, the state court proceeding was filed on February 5, 2025, almost 11 months before Plaintiff filed this federal action. Additionally, the state action is procedurally more developed, with dispositive summary judgment motions pending before the state court and a hearing scheduled for February 13, 2026.

Although the Court harbors no actual bias or prejudice toward any party and has no reason to believe that it cannot preside fairly and impartially over this matter, out of an abundance of caution, the undersigned concludes that recusal is appropriate under 28 U.S.C. § 455(a) to avoid any appearance of impropriety. Under § 455(a), what "matters is not the reality of bias or prejudice but its appearance." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1239 (10th Cir. 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)).

Accordingly, the Motion [Doc. No. 9] is GRANTED to that extent. The Clerk of Court is directed to reassign this case to another United States District Judge.

IT IS SO ORDERED this 28th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE